APPEAL NO. 17-7104

IN THE

# United States Court of Appeals

## FOR DISTRICT OF COLUMBIA CIRCUIT

STEPHEN KELLEHER,

*Plaintiff-Appellee,*

v.

DREAM CATCHER, L.L.C.;
CESAR DE ARMAS;
HEIDI SCHULTZ,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RESPONSE BRIEF OF APPELLEE**

Mark D. Crawford, Esquire
LAW OFFICES OF
MARK D. CRAWFORD, PLLC
2111 Wilson Boulevard
Suite 700
Arlington, VA 22201
703-351-5024
MCrawford@msadlaw.com

*Counsel for Appellee*

## CERTIFICATE OF PARTIES, RULINGS,
## AND RELATED CASESFILED BY APPELLEE

### I.    Parties and Amici.

The parties to this appeal are plaintiff-appellee, Stephen Kelleher, and defendants-appellants, Dream Catcher, L.LC., Cesar de Armas and Heidi Schultz. Appellee is not aware of any amici in this matter.


### II.    Rulings Under Review.

The ruling under review are the June 2, 2017 Memorandum Opinion and Order denying Dream Catcher, LLC's Motion to Stay and Compel Arbitration (JA 175); the July 10, 2017 Memorandum Opinion denying the Motion for Reconsideration of thereof (JA 187); and the July 24, 2017 Memorandum Opinion and Order ruling that the trial court would retain jurisdiction pending appeal because the appeal is frivolous (JA 207); all entered by Judge Amit P. Mehta of the United States District Court for the District of Columbia.

### III.    Related Cases.

This appeal involves an order from the District Court in Case No. 1:16-cv-02092-APM, which was initially filed in the Superior Court for the District of Columbia as Case No. 2016-CA 003949 B and then removed by defendants. This case has not previously been before this Court and there are no related cases pending in this Court or in any other court of which appellee is aware.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS UNDER REVIEW AND RELATED CASES ..................................................................................i

TABLE OF AUTHORITIES ...............................................................iv

GLOSSARY OF ABBREVIATION (N/A)

I.      STATEMENT OF ISSUES PRESENTED FOR REVIEW......................1

II.     STATEMENT OF THE CASE ................................................................2

III.    SUMMARY OF ARGUMENT.................................................................9

IV.     ARGUMENT............................................................................................11

    A.    The District Court properly hold that Dream Catcher, LLC("Dream Catcher"), forfeited its alleged right to compel arbitration because Dream Catcher failed to timely invoke that alleged right and actively participated in the litigation......................11

       1.   Appellants Forfeited Any Arguable Right to Arbitrate..............11

       2.   Appellants Substantially Invoked The Litigation Machinery and Actively Participated in the Litigation, and Imposed Substantial Costs on Kelleher.......................................................16

       3.   Alter-Ego/Veil Piercing Issues Require Judicial Determination ............................................................................18

    B.    The trial court properly denied Dream Catcher's motion for reconsideration as Dream Catcher had failed to cite the controlling authority in its original motion, that controlling authority was adverse to Dream Catcher's position, and Dream Catcher failed to identify any recognizable basis for reconsideration of the original motion ................................................19

       1.   Dream Catcher failed to identify any proper legal grounds for reconsideration ....................................................................19

C.    Issues regarding Schultz's and de Armas's motion to stay and compel arbitration properly before this Court because neither has appealed the District Court's denial of their motion and neither joined Dream Catcher's motions to stay and compel arbitration that are at issue here ..........................................................................20

D.    Any error by the trial court harmless because the Federal Arbitration Act does not apply and D.C. Code § 16-4403(d) prohibits the mandatory arbitration clause in this consumer contract between a District of Columbia resident and a District of Columbia limited liability company for renovation work on a District of Columbia home ..............................................................21

   1.   The Federal Arbitration Act does not apply to this dispute ........21

   2.   District of Columbia law prohibits dream catcher from enforcing its mandatory arbitration clause contained in the consumer contract at issue in this case .......................................22

V.    CONCLUSION .........................................................................................23

CERITFICATE OF COMPLIANCE........................................................................25

CERTIFICATE OF SERVICE ...............................................................................26

# TABLE OF AUTHORITIES

## CASES

*Citizens United v. Federal Election Commission*,
   558 U.S. 310, 130 S. Ct. 876, 175 L. Ed. 2d 753 (2010) ......................... 14

*Cobell v. Norton*,
   355 F. Supp. 2d 531 (D.D.C. 2005) ........................................................ 19

*Cornell Co. v. Barber Ross Co.*,
   360 F.2d 512 (D.C. Cir. 1966) ................................................................ 17

\* *Khan v. Parsons Glob. Services*,
   521 F.3d 421 (D.C. 2008) ................................................................. 16, 17

*Potter v. District of Columbia*,
   558 F.3d 542 (D.C.Cir.2009) .................................................................. 14

*Shea v. Kerry*,
   796 F.3d 42 (D.C. Cir. 2015) ................................................................. 14

*Signature Tech. Sols. v. Incapsulate, LLC*,
   58 F. Supp. 3d 72 (D.D.C. 2014) ...................................................... 18, 19

*Singh v. George Wash. Univ.*,
   383 F. Supp. 2d 99 (D.D.C. 2005) ......................................................... 20

*United States v. Olano*,
   507 U.S. 725 (1993) ............................................................................... 13

\* *Zeigler v. Potter*,
   555 F. Supp. 2d 126 (D.D.C. 2008) ....................................................... 20

\* *Zuckerman Spaeder LLP v. Auffenberg*,
   646 F.3d 919 (D.C. Cir. 2011) .......................................... 11, 12, 13, 14, 15

**\*Authorities upon which we chiefly rely are marked with asterisks**

iv

## STATUTES & RULES

\*   D.C. Code § 16-4401(3) ...........................................................22

\*   D.C. Code § 16-4401(4) ...........................................................23

\*   D.C. Code § 16-4403(d) ................................................1, 21, 22

## STATUTES & RULES (continued)

Fed. R. Civ. P. 8(b)(3) ............................................................3, 16

Fed. R. Civ. P. 8(c) ....................................................................13

Fed. R. Civ. P. 16 ..........................................................................3

Fed. R. Civ. P. 26(a)(1) .....................................................4, 17, 18

Fed. R. Civ. P. 26(a)(2) ..............................................................4, 18

Fed. R. Civ. P. 12(b)(6) .........................................................4, 8, 18

Fed. R. Civ. P. 60 ..................................................................19, 20

## APPELLEE'S BRIEF (Tables on Prior Pages)

## I.      STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Did the District Court properly hold that Dream Catcher, LLC ("Dream Catcher"), forfeited its alleged right to compel arbitration when Dream Catcher failed to timely invoke that alleged right and instead actively participated in the litigation?

2. Did the District Court err in denying Dream Catcher's motion for reconsideration when Dream Catcher had failed to cite the controlling authority in its original motion, that controlling authority was adverse to Dream Catcher's position, and Dream Catcher failed to identify any recognizable basis for reconsideration of the original motion?

3. Are issues regarding Heidi Schultz's and Cesar de Armas's motion to stay and compel arbitration properly before this Court when (a) neither Schultz nor de Armas appealed the District Court's denial of their motion to stay and compel arbitration and (b) neither Schultz nor de Armas were joined in the motions to stay and compel arbitration that are at issue on this appeal?

4. Was any error by the trial court harmless because the Federal Arbitration Act does not apply here and D.C. Code § 16-4403(d) prohibits the mandatory arbitration clause in this consumer contract between a District of

Columbia resident and a District of Columbia limited liability company for

renovation work on a District of Columbia home?

## II.    **STATEMENT OF THE CASE**

Dream Catcher, LLC ("Dream Catcher") contracted with to perform

renovations to Stephen Kelleher's ("Kelleher's") home at 1305 S Street, NW,

Washington, DC 20009. Despite accepting payment from Kelleher, Dream Catcher

(a) failed to perform certain work for which it was paid, and (b) performed other

work defectively, before ceasing work and leaving Kelleher's home in a defective

and hazardous condition. Dream Catcher's owners, Heidi Schultz ("Schultz") and

Cesar de Armas ("de Armas"), treated Kelleher deceptively and dishonestly.

Schultz and de Armas inadequately capitalized Dream Catcher and ran it only

briefly. Dream Catcher is inactive and has no assets. Schultz and de Armas have

moved to Detroit. Kelleher sued Dream Catcher, Schultz and de Armas in the

Superior Court for the District of Columbia. Joint Appendix[1] 11.  All defendants

removed the case to the United States District Court for the District of Columbia.

J.A. 7.

---

[1] The appendix filed by Appellants is not a Joint Appendix even though Appellants
cite to it as "JA". Appellants never served on the Appellee with a designation of
the parts of the record they intended to include in the appendix as required by Fed.
R. App. P. 30(b)(1) and Circuit Rule 30. Appellee has not filing a separate
appendix and to avoid confusion shall also refer to Appellants' Appendix as "J.A."

This case involves appeal of three orders of the District Court: (1) the District Court's June 2, 2017, denial of Dream Catcher's motion to stay and compel arbitration; (2) the District Court's July 10, 2017, denial of Dream Catcher's motion for reconsideration of that issue; and (3) the District Court's July 24, 2017 order providing that it would maintain jurisdiction over the case unless directed otherwise by this Court on the grounds that Dream Catcher's appeal was frivolous and only a "non-frivolous appeal" divested the District Court of jurisdiction over those aspects of the case on appeal. J.A. 175, J.A. 178, J.A. 266.

Dream Catcher, Schultz and de Armas filed a Notice of Removal and responsive pleadings on October 31, 2016. J.A.7, J.A. 32. J.A. 52. Dream Catcher generally denied the allegations of Complaint under Fed. R. Civ. P. 8(b)(3)[2] and raised fifteen affirmative defenses, none of which mentioned arbitration. J.A.52. Schultz and de Armas moved to dismiss the Complaint on the merits and did not invoke any alleged right to arbitrate. J.A. 32, J.A. 34.

The parties fully briefed the dispositive motion of Schultz and de Armas, prepared a Proposed Scheduling Order, Joint Scheduling Conference Report, and Proposed Discovery Plan pursuant to Fed. R. Civ. P. 16 and Local Civil Rule 16.3,

---

[2] The general denial was improper, as Dream Catcher did not intend to deny all allegations of the Complaint and in fact admits many of them. For example, Dream Catcher does not deny that it contracted with Mr. Kelleher and performed work upon Mr. Kelleher's residence, and rely upon the existence of a contract as the basis for its efforts to compel arbitration.

and appeared for a status conference with the trial court on December 16, 2016.

J.A. 73, J.A. 78. Kelleher filed Fed. R. Civ. P. 26(a)(1) initial disclosures on

January 13, 2017, and filed Rule 26(a)(2) initial expert disclosures on March 24,

2017. J.A. 3 (Dkt. Nos. 14 and 20). Preparation of the Fed. R. Civ. P. 26(a)(1) and

Rule 26(a)(2) disclosures required substantial time and effort on the part of

Kelleher, counsel, and others.  On April 21, 2017, Kelleher served Dream Catcher

with Interrogatories and a Request for Production of Documents. J.A. 3 (Dkt. Nos.

23 and 24) Although served after Dream Catcher's April 10, 2017 motion to stay

and compel arbitration, J.A. 121, drafting of the requests commenced prior to that

motion and took place over a period of time.

The Court granted Schultz's and de Armas's motion to dismiss, J.A.87, and

Kelleher filed an Amended Complaint on January 10, 2017. J.A. 92. Amendment

of the lawsuit also involved substantial time and effort. Schultz and de Armas

again moved to dismiss the Amended Complaint, arguing that Kelleher failed to

allege grounds to hold them in the case on any theory of individual liability. Again

they did not invoke any alleged right to arbitrate. Schultz's and de Armas's motion

was extensive, asked the court to address the substantive issues relating to

individual liability, and sought a judicial determination that would result in a final

judgment on the merits in favor of Schultz and de Armas. J.A. 87. On January 27,

2017, pursuant to Fed.R.Civ.P.12(b)(6), Dream Catcher also moved to dismiss as

4

to three counts of the Amended Complaint, including Counts III (Quantum Meruit/Unjust Enrichment), Count VI (Violation of District of Columbia Home Improvement Contractors Law) and Count VII (Fraud/Conversion). J.A. 16. Kelleher opposed that motion. J.A. 3 (Dkt. Nos. 17 and 18).

On April 10, 2017, Dream Catcher filed a motion to stay and compel arbitration, J.A. 121, which Kelleher opposed. J.A. 146.

On August 15, 2017, the District Court denied Schultz's and de Armas's motion to dismiss Kelleher's alter-ego claims and Dream Catcher's motion to dismiss Count III. The District Court dismissed Count VI and Count VII as to all defendants. J.A.214.

In their Statement of the Case, Appellants selectively quote from emails between Appellants' counsel Joseph Katz and Appellee's counsel Mark Crawford regarding arbitration. Appellants' Br. at 5-7. The exchange speaks for itself. J.A. 202-206. Placed in chronological order with just the text of the emails, they state as follows:

**Katz to Crawford - 1/13/2017 5:31 PM:**  Attached please find the underlying [*sic*] between Dream Catcher and your client for the renovation of the Kelleher residence.  At this time we are still going through project documents to determine whether they will be used in defense of the case against Dream Catcher - once we know more details, specifically the calculation of damages - we will be in a better position to determine which documents will be used as such and therefore subject to the requirement to initially disclose.  Also attached is a list of individuals with knowledge.

As you can see in the attached contract, any dispute between the parties to the

contract greater than $5,000 is subject to binding arbitration pursuant to the AAA rules.  I was not aware of this provision until I was forwarded the contract and had an opportunity to review it for the first time 3 days ago.  I have since spoken with Dream Catcher regarding the requirement to arbitrate, and they desire to insist on their contractual right to arbitration.

As such, please advise whether your client will consent to a Motion to Stay and Compel Arbitration.  Please let me know by Monday, if possible, as I will otherwise need to draft and file a motion requesting the same.  Please also note that the initial disclosures made today are made subject to Dream Catcher's pending request/motion to compel arbitration, does not constitute a waiver of the right to arbitrate, and specifically reserves such right.

**Katz to Crawford - 1/19/2017 9:26 AM:**  SECOND REQUEST **-** Mark, as requested below, please let me know whether your client will consent to arbitration, as required by the contract, or if it will be necessary to file a motion/petition to compel arbitration.
Your prompt response would be greatly appreciated.

**Katz to Crawford - 1/20/2017 2:04 PM :  <u>THIRD REQUEST</u>** - Mark, can you confirm, at minimum, whether you are receiving my emails regarding a consent to arbitration?

**Crawford to Katz - 1/21/2017 12:20 PM :**  I received your emails. This is an issue I must discuss with Mr. kelleher [*sic*].  My client is currently on an assignment in Ghana and setting up a call can take a couple of days.  This has been more challenging over the past week due to my client's travel schedule and the fact that we only had three business days with the MLK holiday and inauguration.  I expect to speak with my client on Monday and contact you by the end of the day. Thank you.

**Katz to Crawford - 1/31/2017 3:27 PM:**  Mark – any update on this?  Pretty soon I think I will have to file a motion to compel arbitration, but it is an expense I'd rather save if possible.  Please let me know if there is consent, and if there is no consent, what the basis to withhold consent is.

**Crawford to Katz – 2/3/2017 6:51 PM:**  My client does not consent to arbitration.

**Katz to Crawford - 2/4/2017 7:26 PM:**  On what basis?  It is an express condition of the contract.  If I am required to file a motion to compel, we will likely also

request attorney fees under Rule 11.

**Crawford to Katz - 2/6/2017 6:11 PM:**  Waiver, an arbitrator's lack of jurisdiction over the individual defendants, and the fact that mandatory arbitration clauses are illegal in consumer contracts in the District of Columbia.  Go ahead and move to compel and we will be the ones seeking Rule 11 fees and costs.

J.A. 202-206 (emphasis in original).

Following this exchange, Dream Catcher did not file a motion to stay or to compel arbitration, but instead filed a motion seeking judgment on the merits as to three of the seven counts alleged against it in the Amended Complaint with a footnote purporting to reserve the right to right to compel arbitration. J.A.117. Meanwhile, Schultz and de Armas did not make any request for arbitration and persisted in their position that the Court had no legal grounds to hold them in the case as individuals. J.A. 109.

In response to the Amended Complaint, Dream Catcher filed a Motion to Dismiss on January 27, 2017. J.A. 117.  That motion did *not* ask the District Court to stay the litigation or compel arbitration. *Id*. The motion *did* affirmatively ask the District Court to dismiss three of the seven counts against Dream Catcher, *id*, and Dream Catcher stated that so-called reservation of rights footnoted in the motion to dismiss would only apply to "all claims not otherwise dismissed . . .". *Id*.

On April 10, 2017, when Dream Catcher had by all appearances long-since abandoned any notions of arbitration, Dream Catcher file an motion seeking to stay the case and compel arbitration. The District Court denied that motion and Dream

7

Catcher's motion for reconsideration. J.A. 178. Dream Catcher appealed the

District Court's June 2, 2017 order denying its motion to stay and compel

arbitration, a July 10, 2017 order denying Dream Catcher's motion for

reconsideration on the same issue, and the District Court's July 24, 2017 order

maintaining jurisdiction over the case unless directed otherwise by this Court. J.A.

185, J.A. 212.

Schultz and de Armas joined in the appeal of the order regarding continuing

trial court jurisdiction pending appeal. J.A. 212. They also attempted to note a

"conditional" appeal regarding the motions to compel arbitration, as the Amended

Notice of Appeal states that "to the extent that the case against Defendants Heidi

Schultz and Cesar de Armas continue [*sic*] and are not dismissed, Heidi Schultz

and Cesar de Armas join in the appeal of all said Orders and Memorandum

Opinions". *Id.* However, Schultz and de Armas did not join in the motions

addressed in the June 2, 2017 and July 10, 2017 orders and have no standing to

appeal those rulings. Schultz and de Armas have not cited any legal authority by

which they may move to dismiss under Fed. R. Civ. P. 12(b)(6) but seek to join

Dream Catcher's appeal regarding arbitration if their motion to dismiss does not

succeed.

### III.  SUMMARY OF ARGUMENT

In this Circuit, a party seeking to compel arbitration must invoke its right to arbitrate at the first available opportunity – typically in that party's first responsive pleading or motion to dismiss – and failure to do so has presumptively forfeits that right. Further, a party seeking to enforce an alleged right to arbitrate may not act inconsistently with that alleged right, and that one example of such conduct is active participation in a lawsuit. Both points of law rest upon the same rationale: a party may not seek compel arbitration while also attempting to adjudicate the merits of the same dispute through the judicial process. In particular, no legal authority permits a party to litigate partway through the merits of a lawsuit, seek the benefit of all favorable substantive rulings obtained through the judicial process, and then compel any remaining claims into arbitration. Yet that is exactly what Dream Catcher, Schultz and de Armas attempt here.

The record shows beyond dispute that neither Dream Catcher, Schultz, nor de Armas invoked an alleged right to arbitrate at their first available opportunity. Dream Catcher filed its responsive pleading on October 31, 2016. It did not purport to "reserve its right" to compel arbitration until it placed a footnote in a motion filed on January 27, 2017. The motion did not request affirmative relief based on an alleged right to resolve this dispute through arbitration. Instead, Dream Catcher asked the court to adjudicate the merits of three counts of the Amended Complaint

9

and sought dismissal of those counts against Dream Catcher. The footnote itself expressly stated that Dream Catcher reserved the right to compel arbitration "of all claims, not otherwise dismissed, against it by Plaintiff." J.A. 177 (emphasis added). This footnote, on its face, shows Dream Catcher's active participation in the lawsuit while making passive and passing reference to arbitration. It also demonstrates Dream Catcher's intent to retain the benefit of any favorable rulings adjudicated in the District Court even if it later moved to compel arbitration. Dream Catcher wanted the best of both worlds and the burden of neither.

Schultz and de Armas have acted similarly. Schultz and de Armas did not join in Dream Catcher's motion to stay and compel litigation or motion for reconsideration. At the time of the Amended Notice of Appeal at issue, Schultz and de Armas had pending an extensive motion to dismiss the Amended Complaint in its entirety as to them on grounds that it failed to state a claim for alter ego liability. Nonetheless, the Amended Notice of Appeal states that Schultz and de Armas join in Dream Catcher's appeal of the District Court's June 2, 2017 and July 10, 2017 orders, but only "to the extent that the case against Defendants Heidi Schultz and Cesar de Armas continue [*sic*] and are not dismissed." J.A. 212. That is, if successful on the motion to dismiss, they would accept the benefit of that adjudication by the District Court and, if not, they would compel arbitration of any

10

remaining issues. Like Dream Catcher, Schultz and de Armas have attempted to use the arbitration issue to play "heads I win, tails you lose."

Even if the District Court arguably erred, any error is harmless as Dream Catcher, Schultz and de Armas, all premise their alleged right to arbitrate upon the notion that Dream Catcher's contract with Kelleher is a contract affecting interstate commerce and therefore within the scope of the Federal Arbitration Act. The contract at issue was a consumer contract between a District of Columbia resident, a District of Columbia limited liability company, owned by District of Columbia residents, for renovation work on Kelleher's District of Columbia residence. The Federal Arbitration Act has no application and District of Columbia law prohibits compulsory arbitration clauses in consumer contracts.

## IV.    ARGUMENT

### A. The District Court properly hold that Dream Catcher, LLC ("Dream Catcher"), forfeited its alleged right to compel arbitration because Dream Catcher failed to timely invoke that alleged right and actively participated in the litigation.

### 1.   Appellants Forfeited Any Arguable Right to Arbitrate

Dream Catcher, Schultz and de Armas all primarily argue that the District Court erred by denying Dream Catcher's motion to stay this case and compel arbitration and then denied Dream Catcher's motion for reconsideration on the same issue. In its initial motion to stay, Dream Catcher failed to reference the most pertinent case in this Circuit – *Zuckerman Spaeder LLP v. Auffenberg*, 646 F.3d

11

919 (D.C. Cir. 2011) – a case wholly inapposite to Dream Catcher's position. In

attacking the analysis of the District Court, Dream Catcher attacks Zuckerman

itself, arguing that this 2011 should be "revisited" and suggesting that somehow

confusion or inconsistency exists for the "few district courts" that have applied

*Zuckerman.* (Appellants' Br. at 15).

This contention of Dream Catcher, Schultz and de Armas is exactly

backwards. In *Zuckerman*, the Court engaged in a thoughtful and disciplined

analysis to better define an area of law in need clarification:

> Our reluctance thus far to define the standard further has imposed a cost
> upon both litigants and the district court. The waste of resources occasioned
> by this lawsuit, for one, might have been avoided had we been more clear
> about the standard we would have the district court apply. This is our effort
> to fill that gap.

*Zuckerman,* 646 F.3d at 922.

*Zuckerman* provides that a defendant "who has not invoked the right to

arbitrate on the record at the first available opportunity, <u>typically in filing his first</u>

<u>responsive pleading or motion to dismiss</u>, has presumptively forfeited that right."

*Id.* at 922 (emphasis added).

Dream Catcher, Schultz and de Armas accuse the District Court of a "rigid

application of *Zuckerman Spaeder* in this case", Appellants' Br. at 16, but the

District Court simply engaged in a proper and accurate application of *Zuckerman*.

When ruling upon both the original motion and motion for reconsideration, the

District Court quoted extensively from *Zuckerman* and explained its application of

*Zuckerman* to this case.

The District Court held as follows when ruling on the motion for

reconsideration:

> *Zuckerman* makes clear that "forfeiture, not waiver, is the appropriate
> standard for evaluating a late-filed motion under Section 3 of the [Federal
> Arbitration Act ("FAA")]," *Zuckerman*, 646 F.3d at 922, and that
> "[f]orfeiture is the 'failure to make a timely assertion of a right' [which],
> unlike waiver, entails no element of intent." *Id.* (quoting *United States v.
> Olano*, 507 U.S. 725, 733 (1993)).
>
> .     .     .
>
> Under *Zuckerman*, a party "invokes" the right to arbitrate by "assert[ing]" it
> as an affirmative defense under Rule 8(c) of the Federal Rules of Civil
> Procedure or as the basis for a motion to dismiss under Rule 12.

J.A. 190.

Dream Catcher, Schultz and de Armas all filed initial responsive pleadings

on October 31, 2016. Schultz and de Armas filed dispositive motions in response

to both the original and amended Complaints and Dream Catcher moved to dismiss

the Amended Complaint. Dream Catcher did not move to stay and compel

arbitration until April 10, 2017 and Schultz and de Armas did not do so until

August 29, 2017. Each made clear at much earlier stages in the litigation that they

only intended to compel arbitration of Kelleher's claims "to the extent" that the

trial court had not already dismissed those claims pursuant to their respective

motions. None of the appellants acted in a manner consistent with a true intent to

13

arbitrate Kelleher's claims. They each took a bite at the apple through litigation with the trial court and wanted any remaining claims compelled into arbitration for a second bite.

In its July 24, 2017 Order, the District Court stated "Dream Catcher did not cite *Zuckerman Spaeder* in its Motion to Stay. Nevertheless, because Dream Catcher has preserved the general issue of arbitrability for appeal, the court assumes that the D.C. Circuit will allow it to argue that this court misapplied *Zuckerman Spaeder*. *Cf. Shea v. Kerry*, 796 F.3d 42, 54 (D.C. Cir. 2015). Of course, the Circuit may conclude otherwise." JA 209, n. 5.

The language cited by the trial court provides as follows:

> The Department initially argues that Shea forfeited any argument based on *Ricci* by failing to present that argument to the district court. We disagree. Although forfeiture principles apply to new arguments raised for the first time on appeal, *see Potter v. District of Columbia,* 558 F.3d 542, 547 (D.C.Cir.2009), Shea's argument has been consistent throughout the litigation: The Department's 1990–92 Plan impermissibly discriminated against him in violation of Title VII. On appeal, Shea enjoys a measure of latitude to elaborate on his theory in service of the same argument. His reliance on *Ricci* for the first time on appeal lies within that latitude. Moreover, although Shea did not press a *Ricci*-based argument before the district court, the district court invoked *Ricci* on its own, observing that "nothing in *Ricci* directly overturns or modifies *Johnson,* at least as it applies to this case." *Shea,* 961 F.Supp.2d at 54 n. 17. Shea is permitted to respond on appeal by explaining why he thinks *Ricci* governs this case. *See Citizens United v. Fed. Election Comm'n,* 558 U.S. 310, 330, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010).

*Shea v. Kerry*, 796 F.3d 42, 54 (D.C. Cir. 2015).

14

Here, it does not matter whether the Circuit allows Appellants to argue that the trial court misapplied *Zuckerman*. The record makes clear that that the trial court properly applied *Zuckerman*.

Appellant's argument that the District Court erred through a "failure to consider the *Khan* and *National Foundation forCancer Research* rulings here, notwithstanding *Zuckerman Spaeder*" is equally unpersuasive, as (1) *Zuckerman* itself expressly incorporated consideration of *Khan* and *National Foundation forCancer Research* into its analysis, *see Zuckerman,* 646 F.3d at 922, and (2) as discussed below, the language of those cases regarding totality of the circumstances and actions inconsistent with an intention to arbitrate lead to the same conclusion: when considering the totality of the circumstances, Appellants unquestionably acted in a manner inconsistent with an intent to arbitrate this dispute. None of the Appellants *ever* invoked an alleged intention to arbitrate this dispute in its entirety. They only ever expressed an interest in arbitrating those issues not resolved in their favor through the litigation process.

Appellants also make much of the fact that they did not provide their counsel with a copy of the contract at issue until January of 2017, J.A. 5, J.A. 20-21, yet Dream Catcher has not provided any legal authority as to why its failure to provide a copy of its own contract to its counsel is even relevant. Further, Dream Catcher's failure to provide that contract to its counsel did not stop Dream Catcher, through

15

counsel, from making a Fed. R.Civ.P. 8(b)(3) general denial in its Answer of

October 31, 2016, J.A. 52, or from expressly averring that "Plaintiff's claims are

barred by his own breaches of contract" as its Fourth Affirmative Defense (despite

the fact that such affirmative defense is inherently inconsistent with circumstances

which could justify a general denial). Under the applicable standards of pleading,

one could not make such averments without even knowing if a contract existed

and, if so, what terms it contained. Having pled with such disregard for the basis of

its contentions, Dream Catcher's attempt to justify its failure to timely plead the

arbitration issue by its own failure to give a copy of its contract to its counsel is

especially disingenuous. Even after counsel's receipt of the contract, Dream

Catcher waited more than three months before moving to compel arbitration.

### 2. Appellants Substantially Invoked The Litigation Machinery, and Actively Participated in the Litigation, and Imposed Substantial Costs on Kelleher

Instead of invoking an arbitration right at the first opportunity, Appellants

did exactly what a litigant must *not* do in order to preserve a right to arbitrate. They

substantially invoked the litigation machinery in a manner completely inconsistent

with any intent to preserve a right to arbitrate.  Appellants cite *Khan v. Parsons*

*Glob. Servs.,* 521 F.3d 421, 427 (D.C. 2008), but *Khan* does not help them. *Khan*

held that "[i]n this circuit, the court views "the totality of the circumstances [in

deciding whether] the defaulting party has acted inconsistently with the arbitration

16

right. . . . [O]ne example of [such] conduct . . . is active participation in a lawsuit." *National Foundation*, 821 F.2d at 774-75 (citing *Cornell Co. v. Barber Ross Co.*, 360 F.2d 512, 513 (D.C. Cir. 1966))."   *Khan v. Parsons Global*, 521 F3d 421, 425 (D.C. Cir. 2008).

Here, Dream Catcher, Schultz and de Armas have substantially engaged the litigation machinery of the District Court as described above, failed to timely invoke an intent to arbitrate, and only expressed an intent to arbitrate to the extent that their active participation in the litigation did not secure dismissal of their claims. Their arguments are scattered, unfocused, and insupportable, and the District Court repeatedly and properly described Appellants' arguments as groundless or wholly without merit.

In denying Dream Catcher's motion to stay and compel arbitration, the District Court property held that "[Dream Catcher's] delay imposed substantial costs on Plaintiff and required the attention of the court." J.A. 176. Among many other things, Kelleher, through counsel, participated in status conferences and prepared related pleadings; engaged in extensive motions practice with both Dream Catcher and the individual defendants Schultz and de Armas, defending against dispositive motions as to the substance and merits of the lawsuit; prepared and served Fed. R. Civ. P. 26(a)(1) disclosures with respect to witnesses, exhibits and

Kelleher's damages; and prepared and filed Rule 26(a)(2) disclosures with respect to expert witnesses; and drafted discovery requests.

Kelleher has done all of this as part of his effort to recover the damages caused by the failures and dishonest conduct of Dream Catcher, Schultz, and de Armas. Appellants' dismissive attitudes and efforts to trivialize the substantial costs incurred by Kelleher are as offensive as they are inaccurate. Appellants' engagement of the litigation machinery in this case has unquestionably had a significant and prejudicial financial impact on Keller.

That alone is more than enough to establish prejudice. However, a stay of this case and compulsion into would cause additional and prejudice to Kelleher, as Appellants have obtained dismissal on the merits as to certain counts in the Amended Complaint. All Appellants filed Fed. R. Civ. P. 12(b)(6) motions to dismiss and each motion was granted in part and denied in part. Appellants' conduct throughout this case shows that they expect to arbitrate only those issues for which they have received favorable rulings on their motions to dismiss. This is prejudicial and unfair.

### 3.  Alter-Ego/Veil Piercing Issues Require Judicial Determination

The alter ego issue in this case requires judicial determination.  In *Signature Tech. Sols. v. Incapsulate, LLC*, 58 F. Supp. 3d at 85 (D.D.C. 2014), the court ruled that arbitration against an individual non-signatory could proceed only if the

18

requirements for piercing the corporate veil were satisfied under state law, being a

determination raising "questions of arbitrability" which only a Court could reach.

*See, Signature Tech. Sols. v. Incapsulate, LLC*, 58 F. Supp. 3d at 85 (D.D.C. 2014).

("Incapsulate may therefore proceed with arbitration against Goodman individually

if it can satisfy the requirements for piercing the corporate veil under state law, a

determination that raises a "question of arbitrability" for this Court to decide. *See*

*Howsam*, 537 U.S. at 84; *see also First Options*, 514 U.S. at 943-46 (holding that

court must determine whether individuals who did not sign contract containing

arbitration provision were nonetheless bound by it).

> **B. The trial court properly denied Dream Catcher's motion for reconsideration as Dream Catcher had failed to cite the controlling authority in its original motion, that controlling authority was adverse to Dream Catcher's position, and Dream Catcher failed to identify any recognizable basis for reconsideration of the original motion.**

> **1. Dream Catcher failed to identify any proper legal grounds for reconsideration.**

Dream Catcher based its motion for reconsideration on Fed. R. Civ. P. 60,

J.A. 178 which applies only to final judgments and would require Dream Catcher

to have shown entitlement to relief for judgment based on, for example, newly

discovered evidence not previously available, fraud, or a void judgment, none of

which Dream Catcher demonstrated in its motion. The District Court construed the

motion under Rule 54(b) in accordance with *Cobell v. Norton*, 355 F. Supp. 2d

531, 538–39 (D.D.C. 2005) and other cases which require showings somewhat akin the necessary for a Rule 60 motion but which apply to non-final decisions. Under Rule 54(b), Dream Catcher would have needed to show (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order. *See, e.g.*, *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008). As the District Court noted in its order, "relief under Rule 54(b) is 'limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.' *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted)." J.A. 188.

Dream Catcher's pleading did not provide any discussion of the legal standards applicable to a motion for reconsideration or any explanation of how the content of its motion satisfied such standards. Instead, it simply re-argued its case. It wanted a second bite at the apple.

**C. Issues regarding Schultz's and de Armas's motion to stay and compel arbitration properly before this Court because neither has appealed the District Court's denial of their motion and neither joined Dream Catcher's motions to stay and compel arbitration that *are* at issue here.**

As set forth above, Schultz and de Armas have not noted an appeal of the District Court's order regarding their own motion to stay and compel arbitration.

20

Even if they had done so, the foregoing analysis applies with equal force to the arguments of Schultz and de Armas and their appeal would fail.

**D. Any error by the trial court harmless because the Federal Arbitration Act does not apply and D.C. Code § 16-4403(d) prohibits the mandatory arbitration clause in this consumer contract between a District of Columbia resident and a District of Columbia limited liability company for renovation work on a District of Columbia home.**

**1. The Federal Arbitration Act does not apply to this dispute.**

This lawsuit involves claims by a Mr. Kelleher, a District of Columbia resident, against Dream Catcher, a District of Columbia company -- owned and operated by two (former) District of Columbia residents – involving a District of Columbia contract whereby Dream Catcher agreed to perform work in the District of Columbia upon Mr. Kelleher's home.  The Court should reject Dream Catcher's characterization of the contract at issue as one affecting interstate commerce.

Accordingly the arbitration clause in the Dream Catcher contract is void and unenforceable under D.C. Code § 16-4403(d), which prohibits binding arbitration agreements in consumer contracts. This case involves renovation of Mr. Kelleher's single-family home in the District of Columbia by a District of Columbia company then owned by District of Columbia residents. To hold otherwise would allow a contractor to unilaterally convert a purely local contract into one purportedly involving "interstate commerce" by choosing to engage subcontractors or suppliers from other jurisdiction, despite the lack of privity in any such agreements with the

homeowner and the potentially *de minimus* degree to which any commerce would be affected, thus eviscerating the effect of the statute and the protection of consumers for whom it is intended.

2.  **District of Columbia law prohibits dream catcher from enforcing its mandatory arbitration clause contained in the consumer contract at issue in this case.**

The District of Columbia Revised Uniform Arbitration Act ("the RUAA") states that "[a] provision for mandatory binding arbitration within a consumer arbitration agreement is void and unenforceable except to the extent federal law provides for its enforceability." D.C. Code § 16-4403(d).  The RUAA expressly defines the terms "consumer" and "consumer arbitration agreement".  Kelleher unquestionably is a consumer under this statute and the Dream Catcher contract falls squarely within the definition of a consumer arbitration agreement.  The RUAA states that:

"Consumer" means a party to an arbitration agreement who, in the context of that arbitration agreement, is an individual, not a business, who seeks or acquires, including by lease, any goods or services primarily for personal, family, or household purposes including, but not limited to, financial services, healthcare services, *or real property*.

D.C. Code § 16-4401(3)(emphasis added).

It further states that:

"Consumer arbitration agreement" means a standardized contract, written by one party, with a provision requiring that disputes arising after the contract's signing shall be submitted to binding arbitration, and the other party is a consumer.

D.C. Code § 16-4401 (4).

This lawsuit contains a count expressly alleges that Appellants have violated Kelleher's rights as a "consumer" in contravention of the District of Columbia Consumer Protection Procedures Act, §28-3901, et seq ("the CPPA"). *See* Complaint at 8-9, ¶¶44-48, and Amended Complaint at 11-12, ¶¶56-60 ("Count V" in both the original Complaint and Amended Complaint). Dream Catcher has answered this Count and has not moved to dismiss it, as it has done with other counts.

D.C. Code § 16-4401(3) unambiguously precludes the relief defendant seeks.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Kelleher prays that the Court affirm the District Court ruling on appeal.

Respectfully submitted,

Law Offices of Mark D. Crawford

/s/ *Mark D. Crawford*

_____

23

Mark D. Crawford (D.C. Bar # 449004)
Law Offices of Mark D. Crawford, PLLC
2111 Wilson Blvd., Suite 700
Arlington, VA 22201
703-351-5024
703-351-9292 (fax)
mcrawford@mdc-law.com
Counsel for Appellee Stephen Kelleher

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

    This document contains <u>5,752</u> words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

This Brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-pt Times New Roman.

*/s/ Mark D. Crawford*

_____

Mark D. Crawford (D.C. Bar # 449004)

## CERTIFICATE OF SERVICE

I hereby certify that I have this 4th day of January, 2018, electronically filed the forgoing Brief of Appellant in the Office of the Clerk of the United States Court of Appeals for the District of Columbia Circuit using the Court's CM/ECF system which will send notification of such filing to the following counsel:

> Joseph Larry Katz, Esquire
> HUDDLES, JONES,
> SORTEBERG & DACHILLE, P.C.
> 10211 Wincopin Circle
> Suite 200
> Columbia, MD 21022
> 301-621-4120
> katz@constructionlaw.com

/s/ *Mark D. Crawford*

_____

Mark D. Crawford (D.C. Bar # 449004)