**ORAL ARGUMENT SCHEDULED FOR MARCH 8, 2018**

No. 17-7104

---

IN THE

# United States Court of Appeals
# For the District of Columbia Circuit

———————

DREAM CATCHER, LLC, *et al.*,

Defendants/Appellants,

v.

STEPHEN KELLEHER,

Plaintiff/Appellee.

———————

On Appeal from the
United States District Court for the District of Columbia
Case No. 1:16-cv-02092-APM (Hon. Amit P. Mehta)

———————

**APPELLANTS' REPLY BRIEF**

———————

Joseph L. Katz, Esq.
Huddles, Jones, Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
(410) 720-0072
katz@constructionlaw.com
**Attorney for Defendants/Appellants**

# **TABLE OF CONTENTS**

Page

**SUMMARY OF REPLY** ……………………………….. 1

**ARGUMENTS IN REPLY** ……………………………….. 3

    **I.**    **Dream Catcher Permissibly Sought Dismissal of those Causes of Action upon which Relief may not be Granted, and Arbitration of any Remaining Causes.** ……………………………… 3

    **II.**    **Kelleher was not Prejudiced by the District Court's Partial Grant of the Rule 12(b)(6) Motion to Dismiss.** ………… 5

    **III.**    **Kelleher's Revived Arguments Concerning the DC Consumer Exception and Inapplicability of the FAA Remain Unavailing.** 7

    A. The Consumer Exception of the District of Columbia Uniform Arbitration Act *itself* Excepts Out an Agreement Subject to the FAA. …………… 7

    B. As a Matter "Involving Commerce," the FAA Governs. ……….. 8

**CONCLUSION** ……………………………………………… 10

# TABLE OF AUTHORITIES

Cases

*Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)

*Khan v. Parsons Global Servs., Ltd.*,  521 F.3d 421, 427 (D.C. Cir. 2008)

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401-02 n.7 (1967)

*U.S. ex rel. Tungsten Reef Mines Co. v. Ickes*, 84 F.2d 257, 260 (D.C. Cir. 1936)

*Vallely v. Northern F. & M. Ins. Co.*, 254 U.S. 348 (1920)

*Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d, 922 (D.C. Cir. 2011)

Statutes

D.C. Code § 16-4403(d)

Other Authorities

H.R.Rep. No. 96, 68th Cong., 1st Sess. 1 (1924).

# SUMMARY OF REPLY

Kelleher's Brief is chiefly premised upon one consistent theme: in moving to dismiss three (3) out of the eight (8) causes of action in the Amended Complaint, Dream Catcher forever forfeited its right to insist on arbitration. That position, however, is not supported by *Zuckerman Spaeder*, prior caselaw of this Circuit, or the Supreme Court itself. Moreover, Kelleher's argument completely ignores the footnote invoking arbitration within the very motion to dismiss at issue.

Kelleher's attempt to fabricate prejudice on account of the trial court's ultimate dismissal of two (2) causes of action is similarly misplaced. First, Dream Catcher's formal motion to stay and compel arbitration was filed well before any ruling on the motion to dismiss. Second, the trial court, in fact, ruled upon the motion to compel arbitration first, well prior to its ruling on the motion to dismiss. Third, and perhaps most compelling, the trial court's order on the motion to dismiss is null and void, having issued well after the filing of the Notice of Appeal which divested any further jurisdiction from the trial court.

Finally, Kelleher's assertion of harmless error on account of inapplicability of the FAA and/or the disallowance of consumer arbitration provisions under DC law is also unavailing, both substantively and procedurally. First, the trial court did not analyze or otherwise opine on either such issue, so there is no ruling to appeal on either basis. Second, even if procedurally permitted, Kelleher is simply wrong:

1

construction, by its very nature, has been held as involving interstate commerce as a matter of law and as such, the FAA constitutes the supreme law of the land in that regard – the District of Columbia's consumer arbitration prohibition cannot override the FAA.

## ARGUMENTS IN REPLY

I.  **Dream Catcher Permissibly Sought Dismissal of those Causes of Action upon which Relief may not be Granted, and Arbitration of any Remaining Causes.**

In its brief, Appellee seemingly argues that a motion to dismiss must, necessarily, forfeit any then-existing right to arbitration. See, for example, Appellant's Brief at 9 ("a party may not seek to compel arbitration while also attempting to adjudicate the merits of the same dispute through the judicial process…..[i]n particular, no legal authority permits a party to litigate partway through the merits[1] of a lawsuit, seek the benefit of all favorable substantive rulings obtained through the judicial process, and then compel any remaining claims into arbitration."); 10 ("Dream Catcher wanted the best of both worlds and the burden of neither."); 15 ("[Appellants] only ever expressed an interest in arbitrating those issues not resolved in their favor through the litigation process."); 17 ("[Appellants]

---

[1] Kelleher's attempt to spin Dream Catcher's Rule 12(b)(6) motion to dismiss into something more substantively addressed to the "merits" is transparent. Dream Catcher never filed a motion for summary judgment, even in the alternative – all it ever filed were motions to dismiss for failing to plead a plausible cause of action, ie, a cause of action upon which relief may be granted. Such a motion is a very far cry from seeking a ruling "on the merits." Nevertheless, throughout its 32 page brief, Kelleher repeatedly returns to the notion that Dream Catcher must not be permitted to seek both a ruling "on the merits" and seek to arbitrate. This honorable panel should be mindful that the continuous references to the seeking of a decision "on the merits" is simply a Rule 12(b)(6) motion to dismiss – which itself contained a footnote referencing Dream Catcher's desire to arbitrate, and that it was waiting on a potential consent from Kelleher.

3

only expressed an intent to arbitrate to the extent that their active participation in the litigation did not secure dismissal of their [*sic*] claims.")

In Kelleher's legal utopia, a defendant maintaining a right to arbitrate must immediately seek to have the complaint stayed in favor of arbitration, notwithstanding that the complaint may completely fail to meet any number of pleading standards, including even *Iqbal/Twombley* plausibility. But even the plain language of *Zuckerman Spaeder* disproves this approach. A defendant "who has not invoked the right to arbitrate on the record at the first available opportunity, ***typically in filing his first responsive pleading or motion to dismiss***, has presumptively forfeited that right." *Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d, 922 (D.C. Cir. 2011) (emphasis supplied).

As can be plainly seen, even *Zuckerman Spaeder* anticipated that a defendant may permissibly file a motion to dismiss while still preserving its right to arbitrate – the requirement was only that the desire to arbitrate be timely invoked, for example, contemporaneously "with the first responsive pleading or motion to dismiss." *Id*. And indeed, courts throughout the country unambiguously entertain motions to dismiss notwithstanding potential arbitration of any remaining claims. See, Appellant's Brief at 20 (citing cases). Ten years ago this very Circuit agreed that "[a]dmittedly[,] a motion to dismiss may not be inconsistent with the intent to

4

arbitrate….” *See Khan v. Parsons Global Servs., Ltd.*, 521 F.3d 421, 427 (D.C. Cir. 2008).

Dream Catcher sought nothing different than winnowing down the Amended Complaint at issue to only those causes of action upon which relief may be granted, and then arbitrating those claims. It invoked arbitration in its first responsive pleading – a timely motion to dismiss – to the Amended Complaint. Neither *Zuckerman Spaeder*, *Kahn*, the Supreme Court, the Federal Arbitration Act, or any other governing law disallows that approach.

Accordingly, this honorable panel should not blaze new law, but rather apply the very language of its predecessors, i.e., *Kahn* and *Zuckerman Spaeder*, in finding that a motion to dismiss on Rule 129b)(6) grounds is not inconsistent with a demand to arbitrate any remaining claims.

## II.      Kelleher was not Prejudiced by the District Court's Partial Grant of the Rule 12(b)(6) Motion to Dismiss.

Next, Kelleher maintains that once the District Court granted in part the 12(b)(6) motion to dismiss, he is so prejudiced thereby such that the matter can no longer go to arbitration. This argument, also, lacks merit.

First, any dismissed cause of action is not being heard *anywhere*, whether in litigation or arbitration. So, while it is correct that once dismissed on Rule 12(b)(6) grounds a cause of action will, correctly, not be entertained by an arbitrator, it also

will not be heard by a judge or a jury in litigation.  No true "prejudice" can be claimed.

Second, as discussed above, even *Kahn* and *Zuckerman Spaeder* contemplate motions practice on, *inter alia*, Rule 12(b)(6) grounds while reserving and preserving the right to arbitrate, which is exactly what Dream Catcher did here with respect to the Amended Complaint.  As such, the trial court's partial grant of the motion to dismiss is not the "prejudice" discussed by *Zuckerman Spaeder*.  This Honorable Panel should not be led astray by false calls of prejudice.

Third, even if the trial court's ruling on the 12(b)(6) motion amounted to prejudice as regard to *Zuckerman Spaeder*'s savings clause, which it does not, Kelleher is not affected thereby; the District Court's ruling on the motion to dismiss is null and void, on account of it being entered well after Dream Catcher's Notice of Appeal and Amended Notice of Appeal, which divested jurisdiction from the District Court by operation of law.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

This very Circuit has long held that orders entered without jurisdiction are void.  *See, e.g., U.S. ex rel. Tungsten Reef Mines Co. v. Ickes*, 84 F.2d 257, 260 (D.C. Cir. 1936), *citing Vallely v. Northern F. & M. Ins. Co.*, 254 U.S. 348 (1920)

6

("Courts are constituted by authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void.")  Upon the filing of all Appellants' Notice of Appeal, and then all Appellants' Amended Notice of Appeal, the District Court was divested of jurisdiction.  It wrongfully refused to cede jurisdiction to this Court[2], and continued issuing orders including, *inter alia*, the partial grant of the extant Rule 12(b)(6) motion.

## III.   Kelleher's Revived Arguments Concerning the DC Consumer Exception and Inapplicability of the FAA Remain Unavailing.

In his brief, Kelleher revives his first arguments in opposition to the motion to stay and compel arbitration, as found at JA 146: the DC Consumer Exception to arbitration and the assertion that no interstate commerce is involved, such that the FAA is not applicable.[3]  Both remain erroneous.

A. The Consumer Exception of the District of Columbia Uniform Arbitration Act *itself* Excepts Out an Agreement Subject to the FAA.

By its own provisions, the D.C. Code's consumer exception to compulsory arbitration is not applicable to the extent the FAA controls. D.C. Code § 16-4403(d) provides as follows (emphasis supplied):

---

[2] Ultimately, Appellant filed a motion to stay and/or for injunctive relief enjoining the District Court from the continued exercise of jurisdiction; the Circuit Court of Appeals denied the motion as moot, indicating that the District Court is divested of jurisdiction over the underlying action.  JA 271.

[3] Kelleher did **not** raise *Zuckerman Spaeder* in opposition to the motion to compel arbitration.

7

> (d) A provision for mandatory binding arbitration within a consumer arbitration agreement is void and unenforceable **except to the extent federal law provides for its enforceability.**

D.C. Code § 16-4403 (emphasis supplied).

The reasoning behind the federal exception lies within the Supremacy Clause of the United States Constitution, which provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

USCS Const. Art. VI, Cl 2.  As such, to the extent the FAA applies, the consumer voidability provision of D.C. Code § 16-4403 is *itself* null and void.

B. As a Matter "Involving Commerce," the FAA Governs.

A construction project by its very nature involves the purchase and transport of goods across state lines.  Moreover, the phrase, "involving commerce", as used in the FAA, is not to be construed narrowly. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401-02 n.7 (1967). On the contrary, Congress expressly stated in the legislative history of the Act that "commerce reaches not only the actual physical interstate shipment of goods, but also contracts relating to interstate commerce." H.R.Rep. No. 96, 68th Cong., 1st Sess. 1 (1924). Similarly, the Supreme

8

Court has suggested a broad interpretation by intimating that a contract evidences a transaction involving commerce within the meaning of Section 2 of the Act where contractual activity facilitates interstate commercial transactions, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, *supra*, 388 U.S. at 401-02 n.7, or where it affects commerce. *Bernhardt v. Polygraphic Co.*, 350 U.S. at 201, 76 S. Ct. at 275. In the District of Columbia, particularly, the Court may take judicial notice that little to no manufacturing of construction supplies and materials occurs, necessitating the movement and transport of such supplies from neighboring states.

Indeed, this project involved the purchase and transportation of construction materials and supplies across state lines. See, Affidavit of Heidi Schultz, JA 160. The interstate commerce involved in this project included the purchase of goods and/or services from, *inter alia*, Mosaic Tile Company, Fairfax, Virginia; Wood-Mode, Incorporated (Glen Echo, Maryland with the F.O.B. point as Kreamer, Pennsylvania); Rexel, Inc., Rockville, Maryland; Loewen Window Center, Baltimore, Maryland; and HD Supply, Springfield, Virginia. See, Schultz Affidavit and attached invoices, JA 160-174. As such, it is a matter involving interstate commerce as a matter of law and falls well within the purview of the Commerce Clause and, consequently, the FAA.

Accordingly, by its very terms and under Article 6 of the United States Constitution, D.C. Code § 16-4403(d) is inapplicable here.

9

## CONCLUSION

For the reasons stated herein, Appellants respectfully submit that the District Court erred in denying Dream Catcher's Motion to Stay and Compel Arbitration, Motion for Reconsideration of the same, and that, accordingly, such rulings should be reversed, which will permit Appellants and Appellee to proceed to resolve their disputes through arbitration as provided for in the Contract.

Respectfully submitted,

/s/ Joseph L. Katz, Esq.
Joseph L. Katz, Esq. #MD28029
Huddles, Jones, Sorteberg & Dachille, P.C.
10211 Wincopin Circle, Suite 200
Columbia, Maryland 21044
Telephone: (410) 720-0072
Facsimile: (410) 720-0329
katz@constructionlaw.com
**Attorney for Defendants/Appellants**
**Dream Catcher, LLC,**
**Heidi Schultz, and**
**Cesar de Armas**

## CERTIFICATE OF COMPLIANCE

     1.     This document complies with the word limit of Local Circuit Rule 27(c) because this document contains 2,247 words.

     2.     This document complies with the typeface requirements of Fed. R. App. P 32(a)(5) because this document has been prepared in proportionately-spaced typeface using Microsoft Word in Times New Roman, 14-point font.

/s/  Joseph L. Katz, Esq.
Joseph L. Katz, Esq. #MD28029

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2018, a true and correct copy of the foregoing was served via the Court's ECF system upon:

> Mark D. Crawford, Esq.
> Law Offices of Mark D. Crawford, PLLC
> 2111 Wilson Boulevard, Suite 700
> Arlington, Virginia 22201
>
> **Attorney for Plaintiff/Appellee**
> **Stephen Kelleher**
>
>
> /s/  Joseph L. Katz, Esq.
> Joseph L. Katz, Esq. #MD 28029

12